**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Crystal Carter, individually and on behalf of all others similarly situated, | §<br>§<br>§ | |
| *Plaintiffs,* | §<br>§<br>§ | Civil Action No. 5:25-cv-00248 |
| v. | §<br>§<br>§ | Collective Action Complaint |
| The Reel Seafood House, LLC, | §<br>§<br>§ | |
| *Defendant.* | §<br>§ | |

## DEFENDANT THE REEL SEAFOOD HOUSE, LLC'S ORIGINAL ANSWER

Defendant The Reel Seafood House, LLC ("Reel Seafood" or "Defendant") files its Original Answer in response to Plaintiff Crystal Carter's ("Plaintiff") Collective Action Complaint ("Complaint") and states as follows:

As the first paragraph in the Complaint merely summarizes Plaintiff's claims, no response is necessary. To the extent a response is necessary, Reel Seafood admits that Plaintiff is asserting a collective action under the Fair Labor Standards Act ("FLSA") on behalf of herself and putative collective members, but Reel Seafood expressly denies that it has violated the FLSA, and denies any allegations or inferences that it has committed any wrongdoing. Reel Seafood further denies that it is liable to Plaintiff or any putative collective members for any damages or other relief under the FLSA, either individually or collectively. Reel Seafood further denies that this lawsuit should proceed as a collective action, denies that Plaintiff has asserted an appropriate putative collective, denies that Plaintiff is similarly situated to the putative collective members, and denies that such a collective should be certified. Reel Seafood denies all remaining allegations and inferences in the first unnumbered paragraph of Plaintiff's Complaint.

## ANSWER

### I.   SUMMARY OF ACTION

1. Reel Seafood admits that it takes a tip credit toward the minimum wages it pays for its servers and bartenders, as authorized under Section 3(m)(2)(A) of the FLSA. Reel Seafood expressly denies that it has violated the FLSA or that its servers and bartenders receive less than the minimum wage required by applicable law.

2. Reel Seafood admits the FLSA authorizes employers to take a tip credit toward the minimum wages paid to tipped employees. Reel Seafood expressly denies any allegation or inference that it has violated the FLSA or committed any wrongdoing.

3. Reel Seafood admits the FLSA authorizes employers to take a tip credit of up to $5.12 per hour toward the minimum wages paid to tipped employees. Reel Seafood expressly denies any allegation or inference that it has violated the FLSA or committed any wrongdoing.

4. Reel Seafood admits that tipped employees must be notified of an employer's intention to take a tip credit under the FLSA. Reel Seafood expressly denies any allegation or inference that it has violated the FLSA or committed any wrongdoing.

5. Reel Seafood admits that the FLSA has certain requirements for an employer to take a tip credit. Reel Seafood expressly denies any allegation or inference that it has violated the FLSA or committed any wrongdoing.

6. Reel Seafood admits that the FLSA has certain requirements to inform a tipped employee in writing if the tip credit amount changes. Reel Seafood expressly denies any allegation or inference that it has violated the FLSA or committed any wrongdoing.

7.      Reel Seafood admits that the FLSA has certain requirements regarding tip credits and tip pools.  Reel Seafood expressly denies any allegation or inference that it has violated the FLSA or committed any wrongdoing.

8.      Reel Seafood admits that the FLSA has certain requirements for an employer to take a tip credit.  Reel Seafood expressly denies any allegation or inference that it has violated the FLSA or committed any wrongdoing.

9.      Reel Seafood admits that the FLSA has certain requirements for an employer to take a tip credit.  Reel Seafood expressly denies any allegation or inference that it has violated the FLSA or committed any wrongdoing.

10.      Reel Seafood denies the allegations in Paragraph 10, including, but not limited to, subparts a-d.

11.      Reel Seafood denies the allegations in Paragraph 11, and further expressly denies any inference that it violated the FLSA or committed any wrongdoing.

## II.    PARTIES

12.      Reel Seafood admits that Plaintiff was employed by Defendant within the three year period preceding the filing of the Complaint.  Reel Seafood expressly denies any inference that it violated the FLSA or that it committed any wrongdoing.  Reel Seafood denies the remaining allegations in Paragraph 12 because Reel Seafood lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

13.      Reel Seafood admits that Plaintiff is asserting a collective action under the FLSA on behalf of herself and the putative Server Collective Members, as defined in the Complaint.  Reel Seafood expressly denies that it has violated the FLSA and denies any allegations or inferences that it has committed any wrongdoing.  Reel Seafood further denies that it is liable to Plaintiff or

any member of any putative FLSA collective for any damages or other relief under the FLSA, either individually or collectively. Reel Seafood further denies that this lawsuit should proceed as a collective action, denies that Plaintiff has asserted an appropriate collective, denies that Plaintiff is similarly situated to any putative FLSA collective, and denies that such a collective should be certified.

14.    Reel Seafood admits that Plaintiff is asserting a collective action under the FLSA on behalf of herself and the putative Bartender Collective Members, as defined in the Complaint. Reel Seafood expressly denies that it has violated the FLSA and denies any allegations or inferences that it has committed any wrongdoing. Reel Seafood further denies that it is liable to Plaintiff or any member of any putative FLSA collective for any damages or other relief under the FLSA, either individually or collectively. Reel Seafood further denies that this lawsuit should proceed as a collective action, denies that Plaintiff has asserted an appropriate collective, denies that Plaintiff is similarly situated to any putative FLSA collective, and denies that such a collective should be certified.

15.    Reel Seafood admits that it employed Plaintiff and the putative collective members, but denies the remaining allegations in Paragraph 15, and further expressly denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

16.    Reel Seafood admits the allegations in Paragraph 16, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

### III.    JURISDICTION AND VENUE

17.    Reel Seafood admits the allegations in Paragraph 17, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

18.    Reel Seafood admits that this Court has personal jurisdiction over it, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

19.    Reel Seafood admits that this Court has personal jurisdiction over it, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

20.    Reel Seafood admits that venue is proper in the Western District of Texas, San Antonio Division, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

21.    Reel Seafood admits that venue is proper in the Western District of Texas, San Antonio Division, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

### IV.    DEFENDANT IS REQUIRED TO COMPLY WITH THE FLSA

22.    Reel Seafood admits that it is an enterprise under the FLSA and that it is engaged in interstate commerce, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

23.    Reel Seafood admits that it is an enterprise under the FLSA and that it is engaged in interstate commerce, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

24.    Reel Seafood admits that it employed Plaintiff and the putative collective members, but denies the remaining allegations in Paragraph 24, and further expressly denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

25.    Reel Seafood admits that it employed Plaintiff and the putative collective members, but expressly denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

26.     Reel Seafood admits that it employed Plaintiff and the putative collective members, but expressly denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

27.     While Complaint Paragraph 27 is identical to Paragraph 25, Reel Seafood admits that it employed Plaintiff and the putative collective members, but expressly denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

28.     Reel Seafood admits that it is an enterprise under the FLSA and that it is engaged in interstate commerce, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

29.     Reel Seafood admits that it is an enterprise under the FLSA and that it is engaged in interstate commerce, but denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

## V.     FACTS

30.     Reel Seafood admits that it owns and operates the dining establishment known as "The Reel Seafood House" and that it employed Plaintiff and the putative collective members, but expressly denies any inferences that Reel Seafood has violated the FLSA or committed any wrongdoing.

31.     Reel Seafood admits that Plaintiff was employed by Defendant within the three year period preceding the filing of the Complaint, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

32.     Reel Seafood admits that Plaintiff was employed by Defendant within the three year period preceding the filing of the Complaint, but  Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

33. Reel Seafood admits that Plaintiff's employment history with Defendant includes employment as a server and as a bartender, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

34. Reel Seafood denies the allegations and inferences in Paragraph 34, and further denies that it violated the FLSA or committed any wrongdoing.

35. Reel Seafood admits that it takes a tip credit toward the minimum wages it pays for its servers and bartenders, as authorized under Section 3(m)(2)(A) of the FLSA. Reel Seafood expressly denies that it has violated the FLSA or that its servers and bartenders receive less than the minimum wage required by applicable law.

36. Reel Seafood admits that it takes a tip credit toward the minimum wages it pays for its servers and bartenders, as authorized under Section 3(m)(2)(A) of the FLSA. Reel Seafood expressly denies that it has violated the FLSA or that its servers and bartenders receive less than the minimum wage required by applicable law.

37. Reel Seafood admits that it takes a tip credit toward the minimum wages it pays for its servers and bartenders, as authorized under Section 3(m)(2)(A) of the FLSA. Reel Seafood expressly denies that it has violated the FLSA or that its servers and bartenders receive less than the minimum wage required by applicable law.

33. Reel Seafood denies the allegations and inferences in Paragraph 33.[1]

38. Reel Seafood denies the allegations and inferences in Paragraph 38.

39. Reel Seafood denies the allegations and inferences in Paragraph 39.

40. Reel Seafood denies the allegations and inferences in Paragraph 40.

---

[1] Reel Seafood would like to point out that the second Complaint Paragraph numbered "33" is out of sequence, and is the same error made (and yet not rectified) in a nearly identical lawsuit filed by Plaintiff's counsel against an unrelated defendant in this Court. *See Alexis Brixey, et al. v. McAdoo's Seafood Company, LLC, et al.;* Civil Action No. 5:23-cv-00232; Dkt. No. 1.

41. Reel Seafood denies the allegations and inferences in Paragraph 41.

42. Reel Seafood denies the allegations and inferences in Paragraph 42.

43. Reel Seafood denies the allegations and inferences in Paragraph 43.

44. Reel Seafood denies the allegations and inferences in Paragraph 44.

45. Reel Seafood denies the allegations and inferences in Paragraph 45.

46. Reel Seafood admits that Plaintiff and the putative Server Collective Members, as defined in the Complaint, participated in a tip pool, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

47. Reel Seafood admits that the FLSA has certain requirements regarding tip pools and tip credits. Reel Seafood expressly denies any allegation or inference that it has violated the FLSA or committed any wrongdoing.

48. Reel Seafood denies the allegations and inferences in Paragraph 48.

49. Reel Seafood denies the allegations and inferences in Paragraph 49.

50. Reel Seafood denies the allegations and inferences in Paragraph 50.

51. Reel Seafood denies the allegations and inferences in Paragraph 51.

52. Reel Seafood denies the allegations and inferences in Paragraph 52.

53. Reel Seafood denies the allegations and inferences in Paragraph 53.

54. Reel Seafood denies the allegations and inferences in Paragraph 54.

55. Reel Seafood denies the allegations and inferences in Paragraph 55.

56. Reel Seafood denies the allegations and inferences in Paragraph 56.

57. Reel Seafood denies the allegations and inferences in Paragraph 57.

58.     Reel Seafood admits that Plaintiff and some employees were at times required to perform *de minimis* non-tip producing work prior to the opening of the restaurant, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

59.     Reel Seafood admits that Plaintiff and some employees were at times required to perform *de minimis* non-tip producing work prior to the opening of the restaurant, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

60.     Reel Seafood admits that Plaintiff and some employees were at times required to perform *de minimis* non-tip producing work when the restaurant was closed, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

61.     Reel Seafood denies the allegations and inferences in Paragraph 61.

62.     Reel Seafood denies the allegations and inferences in Paragraph 62.

63.     Reel Seafood denies the allegations and inferences in Paragraph 63.

64.     Reel Seafood denies the allegations and inferences in Paragraph 64.

65.     Reel Seafood admits that it does not have a written policy prohibiting certain types of work for employees, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

66.     Reel Seafood denies that its tipped employees performed "unrelated work" and therefore denies the remaining allegations and inferences in Paragraph 66.

67.     Reel Seafood admits that its timekeeping system is capable of tracking multiple job codes for different work assignments, but denies that Reel Seafood did not track the job codes for work assignments for Plaintiff and the putative collective members, and further expressly denies any inference that it violated the FLSA or committed any wrongdoing.

68.    Reel Seafood admits that it utilizes a point-of-sale system, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

69.    Reel Seafood admits that it utilizes a point-of-sale system with different codes to differentiate between tipped work and non-tipped work, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

70.    Reel Seafood denies the allegations and inferences in Paragraph 70.

71.    Reel Seafood denies the allegations and inferences in Paragraph 71.

72.    Reel Seafood denies the allegations and inferences in Paragraph 72.

73.    Reel Seafood denies the allegations and inferences in Paragraph 73.

74.    Reel Seafood denies the allegations and inferences in Paragraph 74.

75.    Reel Seafood denies the allegations and inferences in Paragraph 75.

## VI.    COLLECTIVE ACTION ALLEGATIONS

76.    Reel Seafood admits that Complaint Paragraph 76 purports to incorporate all previous paragraphs of the Complaint.

77.    Reel Seafood admits that Plaintiff is asserting a collective action under the FLSA on behalf of herself and the putative FLSA collective.  Reel Seafood expressly denies that it has violated the FLSA and denies any allegations or inferences that it has committed any wrongdoing. Reel Seafood further denies that it is liable to Plaintiff or any member of any putative FLSA collective for any damages or other relief under the FLSA, either individually or collectively.  Reel Seafood further denies that this lawsuit should proceed as a collective action, denies that Plaintiff has asserted an appropriate collective, denies that Plaintiff is similarly situated to the putative FLSA collective, and denies that such a collective should be certified.

78.    Reel Seafood denies the allegations and inferences in Paragraph 78.

79.     Reel Seafood denies the allegations and inferences in Paragraph 79.

80.     Reel Seafood denies the allegations and inferences in Paragraph 80.

81.     Reel Seafood denies the allegations and inferences in Paragraph 81.

82.     Reel Seafood admits that Plaintiff is asserting a collective action under the FLSA on behalf of herself and the putative FLSA collective. Reel Seafood expressly denies that it has violated the FLSA and denies any allegations or inferences that it has committed any wrongdoing. Reel Seafood further denies that it is liable to Plaintiff or any member of any putative FLSA collective for any damages or other relief under the FLSA, either individually or collectively. Reel Seafood further denies that this lawsuit should proceed as a collective action, denies that Plaintiff has asserted an appropriate collective, denies that Plaintiff is similarly situated to the putative FLSA collective, and denies that such a collective should be certified.

83.     Reel Seafood admits that Plaintiff is asserting a collective action under the FLSA on behalf of herself and the putative FLSA collective. Reel Seafood expressly denies that it has violated the FLSA and denies any allegations or inferences that it has committed any wrongdoing. Reel Seafood further denies that it is liable to Plaintiff or any member of any putative FLSA collective for any damages or other relief under the FLSA, either individually or collectively. Reel Seafood further denies that this lawsuit should proceed as a collective action, denies that Plaintiff has asserted an appropriate collective, denies that Plaintiff is similarly situated to the putative FLSA collective, and denies that such a collective should be certified.

84.     Reel Seafood admits that Plaintiff is asserting a collective action under the FLSA on behalf of herself and the putative FLSA collective. Reel Seafood expressly denies that it has violated the FLSA and denies any allegations or inferences that it has committed any wrongdoing. Reel Seafood further denies that it is liable to Plaintiff or any member of any putative FLSA

collective for any damages or other relief under the FLSA, either individually or collectively. Reel Seafood further denies that this lawsuit should proceed as a collective action, denies that Plaintiff has asserted an appropriate collective, denies that Plaintiff is similarly situated to the putative FLSA collective, and denies that such a collective should be certified.

## VII.  CAUSE OF ACTION NO. 1: ALLEGED FAILURE TO PAY THE MINIMUM WAGE

85.     Reel Seafood admits that Complaint Paragraph 85 purports to incorporate all previous paragraphs of the Complaint.

86.     Reel Seafood denies the allegations and inferences in Paragraph 86.

87.     Reel Seafood denies the allegations and inferences in Paragraph 87.

88.     Reel Seafood admits Plaintiff and the putative FLSA collective were not exempt from the minimum wage requirements of the FLSA, but Reel Seafood expressly denies any inference that it violated the FLSA or committed any wrongdoing.

89.     Reel Seafood denies the allegations and inferences in Paragraph 89.

90.     Reel Seafood denies the allegations and inferences in Paragraph 90.

## VIII.   WAGE DAMAGES SOUGHT

91.     Reel Seafood denies the allegations and inferences in Paragraph 91.

92.     Reel Seafood denies the allegations and inferences in Paragraph 92.

93.     Reel Seafood denies the allegations and inferences in Paragraph 93.

94.     Reel Seafood denies the allegations and inferences in Paragraph 94.

95.     Reel Seafood denies the allegations and inferences in Paragraph 95.

96.     Reel Seafood denies the allegations and inferences in Paragraph 96.

## IX.    PRAYER FOR RELIEF

97.     Reel Seafood denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in the Complaint's section titled "Prayer for Relief," including subparts a-e.

## **GENERAL DENIAL**

98.     Reel Seafood denies all Complaint allegations that it does not specifically admit.

## **AFFIRMATIVE AND OTHER DEFENSE**

Reel Seafood asserts the following affirmative and other defenses, but does not assume the burden of proof on such defenses unless required by law:

99.     Plaintiff's Complaint, in whole or in part, fails to state facts sufficient to constitute any cause of action against Reel Seafood and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and any applicable state law.

100.    Defendant asserts the affirmative defense of lawful payment to its employees pursuant to Section 203 (m)(2)(A) of the FLSA, 29 U.S.C. § 203.

101.    Plaintiffs and each putative member of any purported FLSA collective action Plaintiff seeks to represent were at all times paid in excess of the applicable statutory minimum wage and, therefore, were not victims of any unlawful policy or practice.

102.    Any time for which Plaintiff or any putative member of any purported FLSA collective action were not compensated in accordance with the FLSA was de minimis and not compensable time worked as a matter of law.

103.    The claims of Plaintiff and any putative member of any purported FLSA collective action fail to the extent they lack sufficient evidence to prove, as a matter of just and reasonable inference, the amount and extent of the work they allegedly performed during their alleged

employment with Reel Seafood for which Reel Seafood allegedly did not properly compensate them.

104.    If Reel Seafood is found to have failed to pay Plaintiff and/or any putative member of any purported FLSA collective action, which allegation Reel Seafood expressly denies, any such amounts were based on hours worked without the knowledge or constructive knowledge of Reel Seafood.

105.    Reel Seafood did not willfully refuse or fail to pay Plaintiff and/or any putative member of any purported FLSA collective action in violation of any applicable provision of the FLSA.  To the contrary, Reel Seafood paid Plaintiff and/or any putative member of any purported FLSA collective action in compliance with all applicable law, and at no time did Reel Seafood act to circumvent any obligations under the FLSA.  However, if Reel Seafood is found to have violated the FLSA, which allegation Reel Seafood expressly denies, Reel Seafood neither knew that its conduct violated the FLSA, nor showed reckless disregard for whether its actions complied with the FLSA.  Consequently Reel Seafood's actions were not "willful" and a two-year statute of limitations should apply, pursuant to 29 U.S.C. § 225(a).

106.    If Reel Seafood is found to have failed to pay Plaintiff and/or any putative member of any purported FLSA collective action any amount due, which allegation Reel Seafood expressly denies, any act or omission giving rise to such failure was in good faith, and Reel Seafood had reasonable grounds for believing that its act or omission did not violate the FLSA.  Consequently, Reel Seafood is not liable for liquidated damages, pursuant to 29 U.S.C. § 260.

107.    Plaintiff's claims and the claims of any putative member of any purported FLSA collective action, may be barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent that actions in connection with the compensation of

Plaintiff and/or any putative member of any purported FLSA collective action were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

109.    Plaintiff and/or any putative member of any purported FLSA collective action, are barred, in whole or in part, by the applicable statute of limitations.

110.    To the extent that Plaintiff's claims and the claims of any putative member of any purported FLSA collective action are barred, in whole or in part, by the applicable statute of limitations, estoppel, waiver, unclean hands, laches, election of remedies, accord and satisfaction, offset for any payment of wages made but not owed, the after-acquired evidence doctrine, their at-will employment status, or by any other defense or affirmative defense, Reel Seafood asserts those defenses.

111.    To the extent that Plaintiff states a claim against Reel Seafood, Plaintiff's claims cannot be maintained as a collective action because Plaintiff is not an adequate collective action representative and issues pertaining to Plaintiff are not sufficiently particular to any other putative plaintiffs.

112.    Plaintiff's claims and the claims of any putative member of any purported FLSA collective action are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment pursuant to 29 U.S.C. § 216(b).

113.    If Reel Seafood is found to have failed to pay Plaintiff or any putative member of any purported FLSA collective action, which allegation Reel Seafood expressly denies, any such amounts should be barred or reduced based on Plaintiff's or any putative FLSA collective

member's failure to notify Reel Seafood of any alleged payment error or to otherwise mitigate his/her damages.

114.    Plaintiff's claims and the claims of any putative member of any purported FLSA collective action are barred to the extent that they approved and ratified the actions complained of in the Complaint.

115.    Plaintiff's claims and the claims of any putative member of any purported FLSA collective action are barred as to all hours during which Plaintiff and any putative FLSA collective members were engaged in activities that were preliminary or post-liminary to their principal work activities or were otherwise not compensable working time.

116.    Plaintiff's alleged damages, and the alleged damages of any putative member of any purported FLSA collective action, if any, were caused by their own actions or omissions, or the actions or omissions of third parties.

117.    Plaintiff's claims preclude certification of any purported FLSA collective because the determination of liability for Plaintiff and each putative member of any purported FLSA collective action would be highly individualized and would predominate over any trial.

118.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to pursue those claims on behalf of herself and/or some or all of any putative member of any purported FLSA collective action, and Plaintiff cannot adequately represent the interests of some or all of the putative FLSA collective and/or is not an appropriate representative.

119.    Plaintiff is barred from bringing the Complaint, and each purported cause of action therein, and obtaining any relief pursuant to the claims alleged therein, by virtue of any of Plaintiff's affirmative misconduct.

120.    The adjudication of the claims of any putative member of any purported FLSA collective in this action through generalized classwide proof violates Reel Seafood's right to due process guaranteed by the United States Constitution and any applicable state constitution.

121.    Reel Seafood reserves the right to rely upon such defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case, and hereby affirmatively asserts and pleads by reservation all Rule 12(b) defenses and Rule 8 affirmative defenses.

122.    Reel Seafood reserves the right to plead further and specifically reserves the right to file an amended answer or counterclaim.

### <u>CONCLUSION</u>

WHEREFORE, Reel Seafood prays that Plaintiff take nothing by this suit, that judgment be entered on behalf of Reel Seafood, that Reel Seafood recover its costs of suit and reasonable attorneys' fees, and that Reel Seafood be granted all other relief to which it is entitled or which this Court may deem just and proper.

Respectfully submitted,


*/s/ Felicity A. Fowler*
Felicity A. Fowler
State Bar No. 00784076
ffowler@mcginnislaw.com
Daniel R. Atkinson
State Bar No. 24109598
datkinson@mcginnislaw.com
Jessica Visser
State Bar No. 24131937
jvisser@mcginnislaw.com
**MCGINNIS LOCHRIDGE**
500 N. Akard Street, Suite 3000
Dallas, Texas 75201
Telephone: (214) 307-6961
Telecopier: (214) 307-6990

**ATTORNEYS FOR DEFENDANT
THE REEL SEAFOOD HOUSE, LLC**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document was served upon all counsel of record pursuant to the Court's ECF filing system and the Federal Rules of Civil Procedure on this 29th day of April, 2025.

*/s/ Felicity A. Fowler*
Felicity A. Fowler